## DeGraff v. Hoyt.

*Costs — in action involving claim to real property — in action against executor — practice in regard to adjustment — Laches — delay caused by action of court, not.*

Plaintiff brought action against an executor for a breach of a covenant of quiet enjoyment in a lease executed by defendant's testatrix; the complaint stating that plaintiff had been evicted by H. B. and another, "who were then the lawful owners and lawfully entitled to possession." The answer put this allegation at issue. Upon trial a report was made in favor of plaintiff for six cents damages. *Held*, that defendants were not entitled to costs, upon the grounds (1) that there was "a claim of title to real property" arising upon the pleadings (Code, § 304, subd. 1); and (2) that the action could not be brought before a justice of the peace (Code, § 304, subd. 3), the claim being against an executor (Code, § 54, subd. 5).

After the report in favor of plaintiff defendant entered judgment for costs, giving plaintiff notice of re-adjustment. Plaintiff, within two days, noticed a motion to set aside the judgment for costs. The motion was heard a special term. The judge took the papers and after retaining them nearly two years died without deciding such motion. More than a year after the death of the judge, and as soon as the papers could be obtained, plaintiff renewed the motion. *Held*, (1) that plaintiff was not guilty of laches; (2) that he was not bound to appear upon the re-adjustment of costs before the clerk, and was not concluded by such re-adjustment; and (3) that a motion to set aside the judgment instead of to correct the items of costs was proper.

Motion to set aside a judgment entered against the plaintiff for the costs of the action, on the ground that defendant was not entitled to recover costs.

The action was brought by David DeGraff against George B. Hoyt, as executor of the last will of Eliza Hewson, deceased, to recover for damages for a breach of a covenant of quiet enjoyment.

The opinion states the necessary facts. The motion was argued and decided at the Albany special term, July, 1874.

*Martin H. Dorr*, for plaintiff.

*Stephen O. Shephard*, for defendant.

WESTBROOK, J.   The plaintiff, by his complaint, sought to recover from the defendant, as the executor of the estate of Eliza Hewson, deceased, the sum of $3,100 as damages, which he had sustained, as claimed by him, for the breach of the covenant of quiet enjoyment contained in a lease from the said deceased to him, dated May 1, 1866; whereby she had leased and rented to him, by instrument under seal, certain premises situate on the south-west corner of South Pearl and Plain streets, in the city of Albany, for the space of five years.   The complaint further alleged, "that the said plaintiff had not been permitted peaceably and quietly to occupy and enjoy the possession of said premises; but on the contrary, after the commencement of the term, and on or about the 25th day of March, A. D. 1867, Henry Blatner and Henry Blatner, Jr., *who were then the lawful owners and lawfully entitled to the possession of said premises*, entered upon the same, and dispossessed, ejected, ousted, and evicted said plaintiff therefrom, by force of a *paramount and lawful title* to the same."

The answer of the defendant admits the making of the lease as set up in the complaint, and further avers that the deceased, Eliza Hewson, had but a life estate in the premises, a fact which was known to the plaintiff when he took the lease.   The answer, however, by a denial of "any knowledge or information sufficient to form a belief" puts at issue the allegation of the complaint, that the plaintiff was ousted and evicted from the possession of the premises by Henry Blatner and Henry Blatner, Jr., by force of a paramount and lawful title to the same.

Prior to the commencement of the action, the claim had been presented to the defendant, who refused to refer the same.

After the commencement of this action, and issue joined therein, at the Albany circuit on the 25th day of January, 1869, the cause was referred to the Hon. Henry Hogeboom, now deceased, as referee, to hear and decide.

By the report of the referee, bearing date December 29, 1869, the

DeGraff v. Hoyt.

sum of six cents was awarded the plaintiff as damages, but there was no direction or order made as to costs.

On the 3d day of January, 1870, the defendant entered judgment, which, while it gave to the plaintiff the damages found by the referee, awarded against him and in favor of the defendant $223.29, costs of suit, and adjudged that the defendant, after deducting said sum of six cents from said sum of $223.29, do recover of the plaintiff the sum of $223.23, the residue of said costs. This judgment was entered without notice to the plaintiff and without any order of the court specially giving costs to the defendant.

After the entry of judgment, the defendant's attorney gave notice to the plaintiff's attorney that the costs would be re-adjusted by the clerk on the 8th day of January, 1870. The attorney for the plaintiff did not appear on the day fixed for the re-adjustment, but on the 10th day of January, 1870, served papers and notice of a motion for a special term to set aside the judgment as erroneously and illegally entered. This motion was heard on the last Tuesday of January, 1870, at the Albany special term, by Mr. Justice HOGE-BOOM, who held said term. The judge took the papers, and departed this life in September, 1872, without having made any decision, and the plaintiff's attorney deposes that it was not until a very recent date that he was able to get the papers necessary to renew this motion.

Preliminary to the determination of the legality of the judgment for costs, the defendant's counsel raises certain questions, which will be disposed of prior to a discussion of the main issue involved.

It is said that the plaintiff has been guilty of *laches*, and for that reason the motion should be denied. To this the plaintiff answers, that within two days after entry of the judgment he served papers and notice of motion to set the same aside as unauthorized; that such motion was made, and the judge who held the term, after retaining the papers over two years, died without making any decision; that by reason of the retention of the papers by the deceased judge, and his death, the plaintiff's attorney, until quite a recent date, was unable to procure the necessary papers to make this motion.

These facts, I think, furnish a sufficient answer to the objection, if such an objection could prevail. Where a party applies to the

court for a favor or to set aside something as merely irregular, he must move on the first opportunity, or excuse the delay; but where a party applies for a strict right involving more than a mere irregularity, the same rule does not obtain. If the plaintiff is to succeed on this motion, it will not be as a favor conferred, or the vacation of a judgment simply irregular, but as a right conceded and the annulling of a judgment for which there was no authority. He objects that this judgment is illegal, not merely irregular, that it was entered without any lawful authority or right, and that it is the duty of the court to set it aside.

It is further claimed, that the plaintiff should have appeared upon the notice of re-adjustment of the costs. To this the plaintiff answers, that he did not object to any of the items as illegal, but to any recovery of costs at all by the defendant. No harm would have resulted to the plaintiff if he had appeared before the clerk and objected to any allowance whatever; but as the plaintiff has never acquiesced in the recovery of costs by the defendant, and within two days gave notice of a motion to set aside the judgment, I hold that he is not concluded by the want of an objection before the clerk. Indeed, it is very doubtful if the clerk had power to alter the judgment, which, in form, gave costs to the defendant. All that he could have done, in my opinion, would have been to retax the costs upon the theory, that the allowance thereof to the defendant was proper, and strike out or reduce such items as he deemed to be improper or charged too high. The remedy was by motion to the court, which alone has power to strike out the award of costs to the defendant in the action.

It is also objected that the relief should not be the setting aside of the judgment, but the correction of the items of the costs. This would undoubtedly be the rule, if the simple correction of the costs was the relief demanded; but the motion is more radical than that. The plaintiff alleges that the judgment itself is illegal and unauthorized; if this point is well taken, it follows that the judgment must be vacated.

Having disposed of the preliminary questions let us consider the legality of the judgment. By it, the defendant was allowed costs. Was he entitled thereto ?

*First.* By section 304 of the Code, subdivision 1, the plaintiff, upon a recovery, is entitled to costs "When a claim of title to real property arises upon the pleadings."

DeGraff v. Hoyt.

From the statement of the pleadings given in the former portion of this opinion, it is apparent that precisely that question did arise in this case. One issue is made upon the fact of the ouster of the plaintiff from the demised premises by the owner of the paramount title. No justice of the peace could decide such a question. If the defendant had conceded the title according to the allegations of the complaint there might be some doubt as to the pleadings presenting a question of title. Having, however, not done so, but taken issue thereon by a denial of any knowledge, or information sufficient to form a belief, I do not see how the conclusion can be avoided, that the pleadings on their face present a question of title, which a justice of the peace cannot try.

*Second.* The same section of the Code by subdivision 3 thereof also allows costs to the plaintiff in case of recovery by him "In an action of which a court of a justice of the peace has no jurisdiction," and by subdivision 5 of section 54, a justice has no jurisdiction "of an action against an executor or administrator, as such." The want of jurisdiction in a justice's court is not claimed by reason of the amount stated in the complaint, but because the defendant is "an executor," and sued "as such." As there was a recovery against him in that capacity, in which the plaintiff was entitled to costs, provided the court on motion, under section 317, awarded them, I do not see how the defendant was entitled to costs, for by section 305 he is only entitled to costs, when the plaintiff is not.

My conclusion is that the defendant is not entitled to recover costs, and that the judgment must be set aside with $10 costs of motion, as there was a refusal to vacate it before this motion was made.

As the pleadings present a question of title, the plaintiff, upon a recovery of six cents against an individual defendant, would have been entitled to costs; but as the defendant is sued in his representative capacity a motion for costs should be made.

The plaintiff, as his action is against an executor "as such," is also entitled to costs for that reason, if the court on motion allow them.

*Judgment set aside.*